# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-449-MOC-DCK

| | |
|---|---|
| AARON HONEYCUTT, pro se, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| UNITED STATES POSTAL SERVICE, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on its own motion, following Plaintiff's Response to Order to Show Cause. Plaintiff filed this action on August 13, 2020, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant the United States Postal Service. A summons showing proper service on Defendant has never been returned as executed, and Plaintiff has not otherwise appeared to prosecute this action. Furthermore, on November 17, 2020, the Clerk mailed Plaintiff a notice of failure to prosecute, specifically warning Plaintiff that this matter could be dismissed for failure to prosecute. Plaintiff did not respond.

On February 23, 2021, the Court issued an Order to Show Cause. (Doc. No. 3). In response, Plaintiff has filed a notice with the Court, stating that he has served Defendant, (Doc. No. 4), and he attached what appears to be an affidavit of service of summons dated September 30, 2020, in which the Sheriff of Mecklenburg County served a summons on Tracy Austin, referred to as "Postmaster," at the address of 301 E. John St. Matthews, North Carolina. See (Doc. No. 5 at 3). Plaintiff has also filed a notice of "Intent to File Default Judgment." (Doc. No. 5).

1

Plaintiff's purported service is defective. The sole Defendant is the USPS, which is an agency of the United States. The USPS's right to sue and be sued is delineated in the Postal Reorganization Act (PRA). 39 U.S.C. §§ 401(1), 409. The PRA's governing regulations specify that the "General Counsel of the Postal Service shall act as agent for the receipt of legal process against the Postal Service[.]" 39 C.F.R. § 2.2. Section 409(b) also states the provisions of title 28 relating to service of process, venue, and limitations of time for bringing action in suits in which the United States, its officers, or employees are parties, and the rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties. 39 U.S.C. § 409. Therefore, the Federal Rules of Civil Procedure governs suits against the USPS. See Hinton v. U.S. Postal Serv., 68 F.3d 474 (6th Cir. 1995).

Federal Rule of Civil Procedure 4 governs service of process and provides that the plaintiff is responsible for having a summons containing a copy of the complaint served on the defendant. Fed. R. Civ. P. 4(c)(1). Rule 4(i) provides that service of a complaint against an agency of the United States is accomplished by: (1) delivering a copy of the summons and a copy of the complaint to the United States Attorney's office for the district where the action is brought; (2) sending a copy of each by registered or certified mail to the Attorney General of the United States; and (3) sending a copy of each by registered or certified mail to the agency. Unless service is waived or served by a United States Marshal or Deputy Marshal, proof of service must be made by affidavit. Fed. R. Civ. P. 4(l)(1). Finally, Rule 4(m) provides the general time limit for service: a plaintiff has 90 days from the date the complaint is filed to serve the defendant with the summons and complaint. Fed. R. Civ. P. 4(m).

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). A plaintiff's pro se status is insufficient to establish good cause justifying a failure of service, even where the pro se plaintiff mistakenly believes that service was made properly. Hansan v. Fairfax Cty. Sch. Bd., 405 Fed. Appx. 793, 794 (4th Cir. 2010).

As Plaintiff has not properly complied with service under Rule 4, service of process is insufficient. Rather than dismiss this action without prejudice requiring Plaintiff to re-file his case, this Court directs Plaintiff to serve Defendant as required by Rule 4(i) within thirty (30) days from the date of this Order.

**IT IS SO ORDERED**.

Signed: March 25, 2021

Max O. Cogburn Jr
United States District Judge