UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-449-MOC-DCK

| AARON HONEYCUTT, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| UNITED STATES POSTAL SERVICE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on two Motions to Dismiss: the first on the grounds that service was insufficient as a matter of law, and the second on the grounds that Plaintiff failed to state a claim upon which relief may be granted. The motions have been made pursuant to Federal Rules of Procedures 12(b)(5) and (6). (Doc. No. 7 at 1).

### I. PROCEDURAL BACKGROUND

Plaintiff commenced this action against the United States Postal Service ("USPS") by filing a complaint on August 13, 2020. (Doc. No. 1). The complaint alleges Defendant violated Plaintiff's Due Process rights pursuant to 18 U.S.C. § 1983 by removing Plaintiff from the public entrance of the Post Office while he was recording video "in [his] capacity as an independent investigative journalist," and banning him from the post office at a later date. (Id. at 1). The complaint seeks injunctive and declaratory relief, as well as all other applicable relief. (Id.)

On February 23, 2021, this Court ordered Plaintiff to Show Cause as to why this matter should not be dismissed for failure to prosecute after sending ineffective service of the original complaint. (Doc. No. 3). Plaintiff responded on March 17, stating he had served Defendant properly and is now seeking a default judgement. (Doc. No. 4). On March 25, this Court then

ordered Plaintiff to serve Defendant according to Federal Rule of Civil Procedure 4(i) within thirty days. (Doc. No. 6 at 3). On April 23, Plaintiff submitted a certificate of service, signed only by himself, stating he has served the General Counsel of the USPS, and a waiver of the service of summons, also signed only by himself. (Doc. No. 9 at 3-4). On April 24, Defendant filed a Motion to Dismiss for Insufficient Service and a Motion to Dismiss for Failure to State a Claim. (Doc. No. 7 at 1). Finally, on May 26, Plaintiff filed a response to Defendant's motions, stating the Motion to Dismiss for Insufficient Service is moot. (Doc. No. 10 at 1).

## II. STANDARD OF REVIEW

A court cannot obtain jurisdiction over a defendant without that defendant first being served with process. See Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297, 301 (7th Cir.), reh'g en banc denied, 1991 WL 117311 (7th Cir. 1991) ("The court has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant."); Hickory Travel Sys., Inc. v. Tui AG, 213 F.R.D. 547, 551 (N.D. Cal. 2003) ("A party must be properly served for the Court to obtain personal jurisdiction over that party."). Therefore, if process or service is insufficient, the court lacks the jurisdiction over the defendant and a judgment entered therein is invalid. See Recreational Props., Inc., v. Sw. Mortg. Serv. Corp., 804 F. 2d 311, 314 (5th Cir. 1986) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside.").

"A Rule 12(b)(5) motion is a proper means of raising any procedural defense related to service." Wilson v. Kenny, 941 F.2d 1208 (4th Cir. 1991). A United States district court can grant a defendant's Rule 12(b)(5) motion to dismiss if the district court deems that there was insufficient service of process. See Hyman v. City of Gastonia, 466 F.3d 284, 286 (4th Cir. 2006). Once the defendant challenges service, "[t]he plaintiff bears the burden of establishing that service of

process has been accomplished in a manner that complies with Rule 4" of the Federal Rules of Civil Procedure. Plant Genetic Sys., N.V., v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996); see Hickory, 213 F.R.D. at 551. Rule 4 is "there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir.1984). Thus, a court may properly dismiss a complaint for the plaintiff's failure to comply with Rule 4. See Brown v. Blue Cross & Blue Shield of N.C., 226 F.R.D. 526 (M.D.N.C. 2004).

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id.) (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must

separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Id.). However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. (Id. at 679).

### III. DISCUSSION

#### A. Insufficient Service of Process

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). "Before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). A plaintiff's pro se status is insufficient to establish good cause justifying a failure of service, even where the pro se plaintiff mistakenly believes that service was made properly. Hansan v. Fairfax Cty. Sch. Bd., 405 Fed. Appx. 793, 794 (4th Cir. 2010).

Federal Rule of Civil Procedure 4 sets forth the formal requirements for the issuance of a summons and for service of process in proceedings brought in federal court. Rule 4(c)(2) states that service must be effected by "any person who is at least 18 years old and not a party." In order to prove service that is not made "by a United States Marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P. 4(l)(1).

To serve an agency of the United States, a person "must serve the United States and also

send a copy of the summons and of the complaint by registered or certified mail to the agency." FED. R. CIV. P. 4(i)(2). To serve the United States in the instant case, Plaintiff must do two things: "deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought," FED. R. CIV. P. 4(i)(1)(A)(ii), or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office," FED. R. CIV. P. 4(i)(1)(A)(ii); and, "send a copy of each by registered or certified mail to the Attorney General of the United States." FED. R. CIV. P. 4(i)(1)(B). To serve the agency—the USPS—a person must serve the General Counsel of the USPS. 39 C.F.R. § 2.2.

This Court has already determined the initial service attempt in August of 2020 was improper. (Doc. No. 6). Plaintiff's second attempt at service was also improper for four reasons.

First, the "certificate of service," (Doc. No. 9 at 3), that Plaintiff submitted is not an affidavit as required by Federal Rule of Civil Procedure 4(l)(1).

Second, even if we are to assume the "certificate of service," (Doc. No. 9 at 3), submitted as proof of service on the General Counsel of the USPS qualifies as an affidavit, Rule 4(c)(2) states that service must be effected by someone who is not a party to the suit. Since the certificate of process was signed only by Plaintiff himself, the service is improper.

Third, even if the service to the General counsel were proper, Plaintiff has provided no proof that he has served the United States Attorney or the civil-process clerk in this district, nor has Plaintiff provided proof that he has served the Attorney General of the United States. Both of these are requirements to sue an agency of the United States. FED. R. CIV. P. 4(i)(2); see FED. R. CIV. P. 4(i)(1).

Fourth, Plaintiff has submitted a "Waiver of the Service of Summons." (Doc. No. 9 at 4). Plaintiff himself signed his own name on the line reading: "[p]rinted name of party waiving

service of summons." Id. This document, however, is for the party being served to sign; Plaintiff is not entitled to waive the need for service unilaterally. See FED. R. CIV. P. 4(d)(1).

For the above reasons, service was not proper and therefore this complaint will be dismissed for insufficient service of process.

### B. Failure to State a Claim

Because the court resolves this case on Rule 12(b)(5) grounds, the Court will not proceed to a 12(b)(6) analysis.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Insufficient Service of Process; therefore, Plaintiff's Complaint is dismissed **WITHOUT PREJUDICE**.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Dismiss for Insufficient Service of Process, filed by Defendants, (Doc. No. 7) is **GRANTED**.

Signed: July 14, 2021

Max O. Cogburn Jr
United States District Judge